296 F.2d 420
 Horst VON HENNIG, Ancillary Executor of the Estate of Carlo von Wedekind, Deceased, Appellant,
v.
Robert F. KENNEDY, Attorney General of the United States, as Successor to the Alien Property Custodian, Appellee.
Robert F. KENNEDY, Attorney General of the United States, as Successor to the Alien Property Custodian, Appellant,
v.
Horst VON HENNIG, Ancillary Executor of the Estate of Carlo von Wedekind, Deceased, Appellee.
 No. 16199.
 No. 16201.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 15, 1961.
 Decided October 19, 1961.
 Petition for Rehearing Denied December 11, 1961.
 Petition for Rehearing En Banc Denied En Banc December 11, 1961.
 
 Mr. James H. Mann, Washington, D. C., with whom Mr. John W. Pehle, Washington, D. C., was on the brief, for appellant in No. 16,199 and appellee in No. 16,201.
 Mr. Irving Jaffe, Atty., Dept. of Justice, with whom Mrs. Mary P. Clark, Atty., Dept. of Justice, was on the brief, for appellee in No. 16,199 and appellant in No. 16,201.
 Before EDGERTON, WASHINGTON, and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff executor of Carlo von Wedekind has appealed from a judgment of the District Court dismissing on the merits an action to recover certain property vested by the Alien Property Custodian on the ground that plaintiff's decedent was not authorized by Section 9 (a) of the Trading with the Enemy Act of 1917, 40 Stat. 419, as amended, 50 U. S.C.A.Appendix, § 9(a), to claim the vested property because he was resident outside the United States (in Switzerland) and doing business in Italy during the war years, and was an "enemy" as defined in Section 2(a) of the Act, 50 U.S. C.A.Appendix, § 2(a). The District Court's findings of fact and conclusions of law are reported at 1960, 187 F.Supp. 914.[1]
 
 
 2
 We have reviewed with care the record and appellant's contentions. We are unable to say that the District Court clearly erred in its findings or was wrong in its conclusions.
 
 
 3
 There is abundant evidence that plaintiff's decedent, the original plaintiff, exercised exclusive supervision for himself and the other owner over the firm of Carlo Wedekind & Company, a societa in nome collettivo doing business in Italy, though he may not have followed in detail the operations of the business. In addition to the matters referred to by the District Court, the record shows that he fixed the remuneration of Mueller, the firm's manager in Italy, and insofar as it involved a monthly bonus of 200 Swiss francs, paid it himself (apparently all during the war years) through Fides A.G., a Swiss firm which he dominated and controlled. As late as 1940 he advanced needed funds to the Italian firm; Mueller received instructions or directives for running the firm only from him; prior to the outbreak of the war in Europe, he made frequent visits to Italy to confer with Mueller about the firm's business. It seems also that he must have retained continuing power to revoke the authority delegated to Mueller and to appoint a new manager. The original plaintiff's active supervision of the business prior to the war was clearly shown to exist, and although during the war period his visits to Italy ceased and his correspondence with Mueller was perhaps more limited,[2] he did not show that his powers of supervision over the business were materially changed.[3] And he admittedly had unlimited personal liability for the firm's debts, making his identity with its business even clearer.[4] We think that under all the circumstances the original plaintiff could properly be found to be doing business in Italy during wartime, and hence to be an "enemy" under the Act. Cf. The William Bagaley, 1866, 5 Wal. 377, 72 U.S. 377, 18 L.Ed. 583.
 
 The judgment is
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Government filed a protective cross-appeal with respect to the District Court's holding that the original plaintiff was not doing business in Germany during the war years. In view of our conclusion on the principal appeal, it is unnecessary to decide the questions raised in the cross-appeal No. 16,201
 
 
 [2]
 The record contains two letters from Mueller to plaintiff written in 1940, one written in 1941, one written in 1942, and one written in 1943. It also contains a letter from plaintiff to Mueller written in 1941. These letters refer to others which are not in evidence
 
 
 [3]
 Compare Uebersee Finanz-Korporation v. Brownell, D.C.D.C.1955, 133 F.Supp. 615, 620, affirmed sub nom. von Opel v. Brownell, 100 U.S.App.D.C. 341, 244 F.2d 789, certiorari denied, 1957, 355 U.S. 878, 78 S.Ct. 141, 2 L.Ed.2d 108
 
 
 [4]
 Asocieta in nome collettivo — such as the firm here involved — is neither a partnership nor a corporation under Italian law, according to the testimony of the expert witnesses; in addition to provision for it, Italian law provides for general partnerships, corporations limited in shares (or closely held corporations), and general stock corporations. As the District Court pointed out, the societa has some characteristics of corporations under American law concepts, but because of its unlimited personal liability feature, it is far more analogous to a partnership.